I foresee that a two-way sealing ring, even though it turns out in action, to be equivalent in function, way, and result. Whether you could have foreseen and predicted that, that was the difference. I was concerned that the District Court had not, perhaps, I don't really know, this is all so close on the facts, but these are subtle distinctions that maybe only a patent lawyer can figure out. The Supreme Court said if you know at the time of the amendment they're equivalent, you have a responsibility to claim both, because the public has to rely upon what your claim is. If you can foresee that they're equivalent. That's what they said. That's exactly what he said at trial. He said, my patent says they're equivalent. That meant he knew at the time of his patent that they were equivalent, and that he had to not narrow his claim. No, you're saying he testified that he foresaw, which is different, which is the issue now. No, he didn't testify he foresaw. He said the Stoll patent itself tells you magnetizable and non-magnetizable are equivalent. The Stoll patent itself tells you that one ring, two ring are equivalent. The Supreme Court says if you know at the time you're getting your patent that both are equivalent, you can't narrow your claim down to one and then come back at a later date and say you want protection on the specific thing you excluded from the claim. Where's that testimony in here? In the appendix? The testimony... You just referred to it. Where is it in the appendix? The... This is really the Supreme Court decision. No, but you're talking about what the guy testified to. Oh, oh, oh, let me get it for you. I'm sorry, I misunderstood your question. The testimony is at A-17. A-17? Right. This is the 1994 testimony? Yes. Dr. Wolf was not persuasive... I'm sorry, I need to move on. Dr. Wolf, A-17. This is right at the top line. Dr. Wolf was not persuasive in his testimony that a two-way sealing ring would have rendered the Festo device a failure. Indeed, he testified to the contrary in the 1994 trial, and then she quotes what he said. The question is the citation to the testimony in 94. Is it 94? The 1994 testimony in the appendix? Yes, it's right here. No, no, no, this is the court's opinion. Is the testimony set forth in the appendix? I believe it is. Have you gone on and on representing to us what the testimony was in the 1994 trial? I'm not sure it's in the appendix, and I wonder why not, if it's so important. I think I may have it. I'm sorry, I don't... The problem is we have some of Wolf's testimony, but maybe not the critical part. Well, let's resolve it this way. I can give you the original testimony as to the magnetizable, and that was the one that I just read to you. This was the actual piece of evidence from trial. What's the record citation? A1397. And that has to do with the sleeve. Now how about with the rings? The rings I'm trying to find. But A1397 is where he says that the patent says that you can use either, which is back at the time of the amendment. Let me see if I can find you the other one. While you're looking for that, perhaps we'll give Mr. Hoffman his rebuttal time. Thank you. Thank you, Mr. Neustadt. Mr. Hoffman, five minutes max for rebuttal. Rebuttal, Mr. Hoffman. Oh, sorry. Five minutes. The last citation, Mr. Neustadt, that's from a pretrial submission. It's not trial testimony. It would be A1397. As to Mr. Wolf's testimony at trial, if you look at the patent, you'll see the patent doesn't say you can use one ring, one sealing ring. Let me interrupt you. Do we have the full testimony from the 1994 trial of Dr. Wolf in the appendix, yes or no? No. Do we have the full testimony of Dr. Schroeder? He didn't testify in 1994, so it's irrelevant as to Schroeder, I guess. He testified. Do we have his full testimony? No. Same thing. We have truncated transcripts for both witnesses in terms of what they said in 1994. Yes. Now, with respect to what they said recently before Judge Sarris, do we have the full testimony of Dr. Wolf? Yes, you do. The full testimony? Yes. No. Only the cited pages. It's a written testimony. All right. I'm asking both counsel to provide us within a week with the full testimony of both witnesses at the original trial in 1994 and at the proceeding recently before Judge Sarris. I wonder if that was filed initially on the first appeal. Well, anyway, this is— We need it from there. All right. Please proceed with your rebuttal. Okay. Several comments regarding—you're going to take a look at the trial testimony of Dr. Wolf and the testimony on this remand. For example, the patent itself never says you can use them on a ceiling instead of two. The only disclosure in the patent is double ceiling rings, double guide rings. Dr. Wolf was saying for purposes of infringement at a later time when they took a ring off, he could tell from the patent that if dirt leaked past a ceiling ring or if the ceiling ring wasn't there, it would be stopped by the guide ring. So from the standpoint of whether or not it wiped guide and sealed, which was the requirement of the equivalency test at trial, he was able to say, yes, the patent teaches me that you can wipe away dirt with the guide ring if the ceiling ring isn't there. Therefore, all the functions are carried out. That's what he's referring to there. But if you read the testimony, you'll see that he was talking about the test of infringement and what was happening at that time, at that time. And then in the remand situation here, he's talking about a question of foreseeability, which was not, of course, a question at trial. It didn't exist. Right. Well, we'll read the testimony. That's exactly why we're asking for all of the testimony at both proceedings of both of these witnesses. We'll read the testimony, so there's no need to spend time saying it says this or says that. We'll read it or we'll see what it says. Yeah. Now, OK. Can I understand just the context here quickly? You have to win on both the aluminum sleeve and ceiling ring points to win this case, right? If you lose on either one of them, you lose. That's correct. Judge Saris, it was some discussion of large gap and small gap devices. There was a lot of testimony. We asked for reconsideration, and she did. She did recognize. She says Presto correctly points out that the German patent was a large gap device and so forth and so on. So she eventually got that between large gap and small gap to some extent as a significance. The one thing that got confused was an initial decision. She says, based on her argument, that a one, two-way ceiling ring is shown. But in all the prior art, there was no single or asymmetrical arrangement of rings. It was always a ceiling ring at each end or some structure which was symmetrical. There was nothing in the prior art. Now, the earlier prior artists all stole stuff, all his early work and his early patents when he was struggling with large gap device with wheels on the outside and all kinds of problems, which his testimony showed he was having difficulty in trying to adapt the magnets to a product like this. This product is really a small, compact product, and any time you're dealing with that type of a structure, you're running into very tight tolerances, very difficult concerns, and typically if you have a cylinder like this which moves from end to end, in history the forces are all longitudinal. Now all of a sudden you're dealing with a cylinder in which the dominating forces are gripping magnetic forces, which are very powerful. So there were a lot of difficulties. And so he went through that trial at length, and the trial was long. And the trial had substantial evidence. Any other quick rebuttal points? I just wanted to say that the shielding was clearly shown in trial by evidence. It was a 300% reduction, which was recognized in Judge Newton's decision on appeal and were affirmed. There was a lot of evidence on that. It wasn't an argument that there was no shielding. There was plenty of shielding. It was proven, and there was a lot of evidence on that. So I don't want to belabor that, but you see that in the record. As the Newstack kept saying over and over again, this is a clear and convincing standard here for this appeal. I don't think so. I still believe it's a de novo review by this court, similar to a Markman-type proceeding, and I think here it's your opportunity to review the evidence that was submitted and see whether you agree with Judge Saris or not as to whether it was adequate for overcoming the presumption. We think it was. That it? I think that's it. Very well. We thank both counsel, and we will take the case under advisement and look for the requested transcripts within a week. Thank you kindly. The honorable court is adjourned until this afternoon, 2 p.m.